THE CITY OF MOLINE, *Appellee,* v. THE MOLINE DRILLING & DEVELOPING COMPANY, *Appellant.*

No. 18,212.

SYLLABUS BY THE COURT.

1. CITIES—*Third Class—Authority to Contract for and to Fix Charges for Gas.* The municipal authorities of a city of the third class had authority in October, 1902, to contract with a gas distributing company to furnish gas to the city and its inhabitants, and to fix all charges therefor. (Laws 1897, ch. 82, § 2, Gen. Stat. 1901, § 654.)

2. CITY ORDINANCE—*Rates for. Gas—Acceptance by the Company —Estoppel.* A formal acceptance of the terms of the ordinance containing such a contract is not necessary to bind the company where the facts show an actual practical acceptance The company enjoyed all the privileges granted for a term of years during which its charges were made in conformity with the prescribed rates. Having taken the benefits of the grant the company must observe its conditions.

Appeal from Elk district court. Opinion filed May 10, 1913. Affirmed.

*S. H. Piper,* of Independence, for the appellant.

*W. L. Huggins, H. E. Ganse,* and *Humbert Riddle,* all of Emporia, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is an action to restrain the defendant, a gas distributing company, from increasing its rates in the plaintiff city.

By an ordinance adopted October 23, 1902, the city granted to the company the right to furnish gas to the city and its inhabitants, and for that purpose to lay its pipes through streets and alleys. The ordinance fixed maximum rates for the proposed service, and provided that it should become a contract between the city and company upon the filing of an acceptance of the grant with the city clerk. The acceptance of the ordinance was denied by the company, and the evidence fails to show that an acceptance was filed. The evidence tended to show the following facts. The proposed ordinance was drawn and presented at a meeting of the mayor and council by an attorney of the company. Upon its adoption the company laid its pipes in the streets and installed the service, furnished gas to the city and the people, and charged rates in accordance with the ordinance. When disputes arose concerning rates they were adjusted by referring to the ordinance and making the charges conform to its provisions. The service was maintained and rates collected as ordained until sometime before this suit was brought, when the company advanced its charges to rates exceeding the maximum so allowed. A demurrer to the plaintiff's evidence was overruled, and no evidence being offered by the defendant, a judgment was rendered enjoining the collection of any excess over the rates specified.

The defendant contends that the ordinance is not binding upon the company because the city had no authority to grant the use of its streets or to fix rates for the proposed service, and because the ordinance was not accepted, and never became a contract between the city and the company.

The plaintiff is a city of the third class. The authority of cities of that class to enter into such contracts is not an open question, but was determined in the affirmative in *The State, ex rel., v. Gas Co.*, 88 Kan. 165, 127 Pac. 639. It was said in that case:

"Chapter 136 of the Laws of 1903 (see Gen. Stat. 1909, § 749 *et seq.*), relates to cities of the second and third classes. Rosedale was in 1903, and still is, a city of the second class. Section 2 of this act authorized Rosedale 'to *contract* for and fix rates for private consumers, for a period of not exceeding twenty years' for 'furnishing water, heat, light or power for public or private use.'" (p. 169.)

Elsewhere in the opinion (p. 174) the authority of the city of Rosedale to make the contract was affirmed. The section of the act of 1903 referred to in the quotation continues to cities of the second and third class the powers given by chapter 82 of the Laws of 1897 to cities of the three classes. This latter act provided that:

"The municipal authorities of any city of the first, second or third class in this state in which any such private corporation now exists, and which may now or hereafter manufacture, sell or furnish gas light, electric light, electric power, water or heat to such city and its citizens, is hereby authorized to contract with any such corporation for the lighting of, and for supplying power, water or heat to public or private buildings and other places, and for all purposes necessary in any such city, and to fix all charges therefor, upon the conditions imposed in this act." (Laws 1897, ch. 82, § 2, Gen. Stat. 1901, § 654.)

It will be observed that the statute above quoted confers the same power as that contained in the later act, referred to in *The State, ex rel., v. Gas Co.*, supra.

The failure to formally accept the terms of the ordinance can not relieve the company from its obligations after enjoying all the privileges granted by the ordinance for over six years. Section 1 of the act of 1897

(Gen. Stat. 1901, § 653), in force when the ordinance was adopted, conferred upon the city the authority to grant the use of its streets for such service, which it accordingly did grant to this company. The company has remained undisturbed in this use, and must comply with the terms upon which it was given. An acceptance may be implied from the circumstances. (12 Encyc. of Ev. 118; 16 Cyc. 787.)

In a somewhat similar situation it was observed, in *City Railway Co. v. Citizens' Railroad Co.,* 166 U. S. 557:

"No formal resolution of acceptance is necessary in any case, if the facts show an actual, practical acceptance by the company, or action which would be only explicable in case the amendment were accepted." (p. 568.)

It was also said in the same opinion that "it is universally held that a previous request for an ordinance obviates the necessity of a subsequent acceptance." (p. 568.)

Having sought, taken and retained the benefits of the grant, the company must observe the conditions.

It is argued that there was no proof of publication of the ordinance. The ordinance book was offered in evidence, containing the record of the ordinance, to which was appended a note signed by the clerk, stating the date of its passage, the name of the paper in which it was published and date of publication, and other matters required by section 1529 of the General Statutes of 1909. This is competent proof of publication.

The judgment is affirmed.